UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RICKY WILLIAMS, on behalf of himself and all others similarly situated, | No. |
| Plaintiff, |  |
| -against- | COMPLAINT |
| PLANET HOLLYWOOD (BROADWAY) LLC d/b/a BUCA DI BEPPO, |  |
| Defendant. | Plaintiff Demands a Trial by Jury |

Plaintiff RICKY WILLIAMS ("Mr. Williams" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Levine & Blit, PLLC, complaining of defendant PLANET HOLLYWOOD (BROADWAY) LLC d/b/a BUCA DI BEPPO ("Defendant"), hereby alleges:

## NATURE OF THE ACTION

1. This collective action and class action is brought to remedy unpaid minimum wages and unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), and the New York Labor Law ("Labor Law"), as well as unpaid spread of hours wages and unpaid gratuities in willful violation of the Labor Law.

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including lost minimum wages overtime wages, spread of hours wages, and gratuities; an award of liquidated damages under the FLSA and Labor Law; Plaintiff's reasonable attorneys' fees; prejudgment interest on the total amount of unpaid wages pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Mr. Williams is a resident of the State of New Jersey, Essex County.

6. Planet Hollywood is a for-profit corporation, duly organized and existing in the State of Florida with its principal executive office located at 4700 Millenia Blvd., Suite 400, Orlando, Florida.

7. Upon information and belief, at all times relevant to this action, Planet Hollywood owned and operated a restaurant under the fictitious business name "Buca di Beppo", conducting business at 1540 Broadway, New York, New York.

8. At all times relevant to this action, Defendant was an "enterprise" and an "enterprise engaged in interstate commerce," as defined by 29 U.S.C. §§ 203(r) and (s), and thus an entity covered by the FLSA.

9. Defendant has (i) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

10. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of applicable federal and state statutes and regulations.

11. At all times relevant to this action, Defendant was an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

12. At all times within the applicable statute of limitations, Defendant has employed at least fifty (50) employees, including Plaintiff, in the position of server, bartender, or bus boy (collectively, "Service Employees"), who worked in excess of forty (40) hours per work week; yet, they were denied minimum wages and overtime wages.

13. Upon information and belief, Defendant has employed numerous servers, bartenders, and bus boys since June 28, 2014 who have been subjected to the same terms and conditions of employment as Plaintiff.

14. Defendant engaged in the employment practice of requiring Service Employees to clock out and continue working ("off-the-clock work"); thereby, denying minimum wages and overtime wages to Service Employees.

15. The unlawful employment practices at issue with the respect to the similarly situated Service Employees and the named Plaintiff in this action are identical, as Defendant, in all cases, has willfully engaged in such employment practices that have denied such employees minimum wages and overtime wages that they are otherwise owed.

16. Past and current Service Employees employed by Defendant who are similarly situated to the named Plaintiff in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

17. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the following class of persons ("the Class"): all persons who have been employed by Defendant as servers, bartenders, or bus boys in the State of New York since June 28, 2011.

19. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendant have employed hundreds of individuals in the position of server, bartender, or bus boy during the applicable statutory period.

20. Questions of law and fact common to the Class include, but are not limited to, the following:

   (a) Whether the named Plaintiff and persons belonging to the Class were denied overtime wages as a result of Defendant's employment practices;

   (b) Whether the named Plaintiff and persons belonging to the Class were denied minimum wages as a result of Defendant's employment practices;

   (c) Whether the named Plaintiff and persons belonging to the Class were denied spread of hours wages as a result of Defendant's employment practices;

   (d) Whether the named Plaintiff and persons belonging to the Class were required to work off-the-clock or performed uncompensated off-the-clock work with Defendant's knowledge;

   (e) Whether Defendant's denial of minimum wages, overtime wages, and spread of hours wages to the named Plaintiff and persons belonging to the Class was

4

done without a good faith basis that its practices complied with the applicable laws; and

(f) Whether the named Plaintiffs and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

21. The claims made by the named Plaintiff are typical of the claims of the Class because the named Plaintiff and the Class incurred the same type of damages, namely, lost wages, as a direct result of the same practices and policies implemented by Defendant.

22. The named Plaintiff will fairly and adequately protect the interests of the Class because the interests of the named Plaintiff are aligned with those of the Class, and the named Plaintiff has no conflicts of interest with the Class. Likewise, the named Plaintiff is represented by qualified and experienced counsel.

23. By engaging in such unlawful employment practices as failing or refusing to pay overtime wages, Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

24. The questions of law and fact common to the Class, including but not limited to those identified in paragraph 20, predominate over questions affecting only the named Plaintiff, and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

25. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

26. Between about March 2014 and December 30, 2016, Mr. Williams was employed by Defendant as a server at its Buca di Beppo restaurant located at 1540 Broadway, New York, New York.

27. Pursuant to Defendant's business practices, Mr. Williams was required to record his time worked using the restaurant's point-of-service system.

28. Between the commencement of his employment and throughout 2015, Mr. Williams worked either five (5) or six (6) days per week.

29. Beginning in January 2016, Mr. Williams also worked double shifts.

30. When Mr. Williams worked a double shift, he worked more than ten (10) hours per day.

31. When Mr. Williams worked a double shift, he was required by the restaurant's management to clock out for thirty (30) minutes between shifts, even though he continued to work on Defendant's behalf during that time.

32. Despite working in excess of ten (10) hours in a work day, Mr. Williams was denied spread of hours wages.

33. Throughout the course of his employment with Defendant, Mr. Williams regularly worked more than forty (40) hours per week.

34. Throughout the course of his employment with Defendant, Mr. Williams was required by the restaurant's management to arrive at work two (2) hours before the start of his shifts to perform off-the-clock work, commonly referred to as "roll ups."

6

35. If Mr. Williams worked more than about twenty-eight (28) hours in a given workweek, the restaurant's management would roll back and adjust his hours worked by altering the time records to reduce the number of hours that he worked in a work week.

36. As a result of the practice alleged in paragraph 35, Mr. Williams was regularly denied minimum wages and overtime wages.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT AS TO THE COLLECTIVE ACTION
### (Unpaid Minimum Wages in Violation of the FLSA)

37. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 36, as if fully set forth herein.

38. Defendant was the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

39. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA; however, Defendant willfully denied minimum wages to Plaintiff and all other similarly situated employees pursuant to the acts and practices alleged herein.

40. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to him. As such, Defendant's noncompliance with the FLSA was willful.

41. As a proximate result of Defendant's unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT
### AS TO THE COLLECTIVE ACTION
### (Unpaid Overtime Wages in Violation of the FLSA)

42.　Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 41, as if fully set forth herein.

43.　Defendant was the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

44.　Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA.

45.　Plaintiff and all other similarly situated employees worked in excess of forty (40) hours per week for Defendant on a weekly basis as described above, but were denied overtime wages pursuant to Defendant's acts and practices as alleged herein.

46.　Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to them. As such, Defendant's noncompliance with the FLSA was willful.

47.　As a proximate result of Defendant's unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
### AS TO THE CLASS ACTION
### (Unpaid Minimum Wages in Violation of the Labor Law)

48.　Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 47, as if fully set forth herein.

49. Defendant was the employer of Plaintiff and the Class within the meaning of the Labor Law.

50. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

51. Despite their status as non-exempt employees, Defendant willfully denied minimum wages to Plaintiff and all other similarly situated employees pursuant to the acts and practices alleged herein.

52. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendant's noncompliance with the Labor Law was willful.

53. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### AS TO THE CLASS ACTION
### (Unpaid Overtime Wages in Violation of the Labor Law)

54. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 53, as if fully set forth herein.

55. Defendant was the employer of Plaintiff and the Class within the meaning of the Labor Law.

56. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

57. Plaintiff and the Class worked in excess of forty (40) hours per week for Defendant on a weekly basis as described above, but were denied overtime wages pursuant to Defendant's acts and practices alleged herein.

58. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendant's noncompliance with the Labor Law was willful.

59. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANT
### AS TO THE CLASS ACTION
### (Unpaid Spread of Hours Wages in Violation of 12 NYCRR § 142-2.4)

60. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 59, as if fully set forth herein.

61. 12 NYCRR § 142-2.4 requires employers to provide an employee with an additional one hour of pay at the minimum wage rate for each day on which an individual works more than ten (10) hours.

62. Defendant had a policy and/or practice of failing or refusing to pay an additional one hour of pay for each day on which Plaintiff and the Class worked more than ten (10) hours.

63. Defendant was aware or should have been aware that the practices described herein were unlawful; yet Defendant willfully failed to pay spread of hours wages to Plaintiff and the Class in violation of the NYCRR.

64. Defendant did not have a good faith basis to believe that the practices described herein were compliant with the NYCRR.

65. As a proximate result of Defendant's unlawful and willful pay practices, Plaintiff and the Class have suffered substantial economic damages in the form of unpaid spread of hours wages in an amount to be determined at trial and is entitled to recover the value of those unpaid spread of hours wages plus prejudgment interest and an equivalent amount of liquidated damages pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An Order declaring Defendant has violated the provisions of the FLSA and Labor Law relating to payment of minimum wages, overtime wages, and spread of hours wages;

b) An Order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An Order awarding monetary damages for Plaintiff's and the Collective and/or Class's economic losses in the form of unpaid minimum wages, overtime wages, and spread of hours wages;

d) An Order awarding liquidated damages to Plaintiff and the Collective and/or Class under the FLSA and the Labor Law in an amount equal to the total amount of unpaid minimum wages, overtime wages, and spread of hours wages;

e) An award of prejudgment interest on the unpaid minimum wages, overtime wages, and spread of hours wages owed to Plaintiff and the Class pursuant to the Labor Law;

f) An award of Plaintiff's and the Collective and/or Class's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

g) An award of the Plaintiff's and the Collective and/or Class's costs of this action; and

h) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      June 28, 2017

LEVINE & BLIT, PLLC

_____
Matthew J. Blit (MJB4145)
Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
(212) 967-3000
mblit@levineblit.com
jclark@levineblit.com