# LEVINE & BLIT, PLLC
## Attorneys at Law
EMPIRE STATE BUILDING
350 FIFTH AVENUE - SUITE 4020
NEW YORK, NY 10118
PHONE: (212) 967-3000 - FAX: (212) 967-3010
www.levineblit.com

May 10, 2018

***VIA ECF***
United States District Court
Honorable Robert W. Sweet
500 Pearl Street
New York, NY 10007

      Re:    Williams v. Planet Hollywood (Broadway) LLC – No. 17-cv-4878
              Letter for Approval of FLSA Settlement

Dear Judge Sweet,

      Plaintiff Ricky Williams ("Plaintiff"), and defendant Planet Hollywood (Broadway) LLC ("Defendant"), by and through their respective attorneys, hereby respectfully submit this Joint Letter Motion for Approval of the Settlement Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny. Counsel for the Parties respectfully submit that the Agreement constitutes a fair and reasonable compromise of the Fair Labor Standards Act ("FLSA") claims in this matter which should be approved by the Court.

Background

      Plaintiff worked as a server at Defendant's Manhattan restaurant from about March 2014 through December 30, 2016. Plaintiff alleged that from about March 2014 through 2015, he worked five to six days per week and in excess of forty hours in a work week. Plaintiff further alleged that beginning in January 2016, he began working double shifts that lasted in excess of ten hours per work day. Plaintiff alleged that he was required to work off-the-clock through his meal breaks, and that he was not compensated for that time. Plaintiff further alleged that he was required to arrive at work two hours before each shift to perform off-the-clock work to prepare for the service of the Defendant's customers. Plaintiff alleged that Defendant's management personnel would alter the time records to show that he worked less hours than he actually performed, which resulted in the denial of minimum wages and overtime wages.

1

On June 28, 2017, Plaintiff commenced the instant civil action against Defendant alleging five causes of action, including the following FLSA claims: (1) unpaid minimum wages in violation of the FLSA; and (2) unpaid overtime wages in violation of the FLSA.

### *Bona Fide* Disputes

1.  Number of Hours Worked and Duties of Employment

Plaintiff contends that he often worked in excess of forty hours per week for Defendant during the statutory period. Defendant contends that Plaintiff worked significantly less hours, and that he was compensated for all hours worked. Defendant maintained contemporaneous time records of the work performed by Plaintiff; however, Plaintiff has called in question the accuracy of said records and alleged that those records were altered unlawfully by Defendant's management. Defendant denies Plaintiff's contentions regarding the time records having been improperly altered to reflect fewer hours than Plaintiff actually worked.

2.  Willfulness

Plaintiff contends that Defendant was aware that the unlawful practices alleged were in violation of the FLSA. Defendant denies that any alleged violations were willful.

### Settlement Terms

Annexed hereto as "Exhibit A" is a true and accurate copy of the Settlement Agreement between the parties. In exchange for a release of Plaintiff's claims, Defendant shall pay to Plaintiff the gross sum of $12,500.00. The Settlement Agreement contains mutual general releases. Defendant shall also provide a neutral reference to prospective employers of Plaintiff and agree to release any claims it may have against Plaintiff. Plaintiff has agreed to non-disparagement language and Plaintiff has warranted that he will not re-apply to Defendant as an employee. Notably, Plaintiff is not obligated to maintain confidentiality concerning any aspect of his claims or the settlement amount.

### Reasonableness of the Settlement Amount

Here, through counsel, the parties engaged in good faith, arm's-length settlement negotiations. The terms and conditions of the settlement reflected in the Settlement Agreement are the product of the Parties' negotiations and represent a reasonable compromise of the *bona fide* disputed issues regarding the claims and defenses in this case. Continuing with litigation posed a significant risk to Plaintiff and his potential for a monetary recovery because Defendant maintained contemporaneous time records that Plaintiff would need to prove were falsified in order to succeed at trial. Therefore, the parties respectfully request that this Court finds that the settlement amount is fair and reasonable.

## Reasonableness of the Attorney's Fees

"To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund.'" *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 U.S. Dist. LEXIS 53339, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016). When using a 'percentage of the fund' approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). In determining a reasonable award of attorneys' fees, a court should also consider traditional criteria such as "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

The instant civil action is more complex than a traditional FLSA claim because it involves a plaintiff who disputes the accuracy of contemporaneous time records maintained by the Defendant. Further, significant risk was undertaken by Plaintiff's counsel by agreeing to accept Plaintiff's case on a contingency fee basis despite Plaintiff's lack of documentary proof of his hours worked in amount or by type. Plaintiff was provided with quality representation by knowledgeable and experienced counsel who focuses his practice on wage and hour litigation. In addition to traditional monetary compensation obtained, Plaintiff's counsel was also able to secure non-monetary compensation (*i.e.* neutral reference and release) that will be helpful to Plaintiff in obtaining future employment and allow Plaintiff the peace of mind to know Defendant cannot sue him for any reason arising out of his employment. Moreover, the fee requested (33 1/3%) reasonably relates to the recovery and is reasonable when applying the percentage of the fund method for determining attorney's fees. Lastly, public policy favors early resolution of claims in order to avoid unnecessary waste of the resources of the Court and the parties. Thus, Plaintiff respectfully requests that the Court applies the percentage of the fund methodology and award $4,641.66 to Plaintiff's counsel in attorney's fees and costs.[1]

The attorney's fees and costs sought by Plaintiff's counsel pursuant to the Settlement Agreement are equal to $4,166.66, which is 33 1/3% of the total recovery, plus $475.00 in costs incurred by Plaintiff's counsel. Plaintiff's counsel has incurred over $7,000.00 in attorney's fees and $475.00 in costs in the litigation of the instant action. Annexed hereto as "Exhibit B" is a true and accurate copy of contemporaneous

---

[1] While Defendant's counsel joins in the request for approval of the settlement on behalf of Defendant, Defendant's counsel takes no position as to Plaintiff's counsel's request for approval of fees from the settlement amount.

time records for work expended by Plaintiff's counsel and costs incurred in this action. Throughout this action, Plaintiff has been represented by the undersigned, Justin S. Clark, Esq. Mr. Clark is a sixth year senior associate attorney at Levine & Blit, PLLC who focuses his practice primarily on wage and hour litigation, including class action litigation of the same. When billing clients (both plaintiffs and defendants) on an hourly basis Mr. Clark generally bills at an hourly rate of $300.00.

Thank you for the Court's time and attention to this matter.

Respectfully submitted,

LEVINE & BLIT, PLLC

*/s/ Justin S. Clark*

Justin S. Clark

4826-4691-9269, v. 1