UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RICKY WILLIAMS, on behalf of himself
and all others similarly situated,

                       Plaintiff,

        -against-

PLANET HOLLYWOOD (BROADWAY)
LLC d/b/a BUCA DI BEPPO,

                       Defendant.
----------------------------------------------------------------x

Civ. No.: 1:17-cv-04878 (RWS)

## NEGOTIATED SETTLEMENT AGREEMENT

*WHEREAS*, Plaintiff Ricky Williams (herein "Plaintiff") and Defendant Planet Hollywood (Broadway) LLC d/b/a Buca di Beppo (herein "Defendant"), desire to resolve the above-captioned matter without further litigation or adjudication and the costs and expenses attendant thereto; and

*WHEREAS*, Plaintiff and Defendant (together herein "the Parties") understand and agree that Defendant denies each and every allegation of wrongdoing asserted against it in the above-captioned action, including but not limited to, all such allegations contained in the Plaintiff's Complaint, and in any other papers prepared, filed, served, mailed or telefaxed, electronically or otherwise, by Plaintiff or on his behalf in this action; and

*WHEREAS*, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") or the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A**, nor anything contained in these documents, shall in any way be construed or considered to be an admission by Defendant or any Releasee identified in this Agreement of guilt, wrongdoing, liability or culpability, or noncompliance with any federal, state, city, local or other statute, constitution, administrative code, public policy, wage-hour law, wage-payment law, tort law, contract, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

*WHEREAS*, Plaintiff desires freely and voluntarily to enter into this Agreement and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A**; and

*WHEREAS*, the terms and implications of this Agreement and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A** have been explained to the Parties by their respective legal counsel; and

*WHEREAS*, the Court has made no findings as to the merits of this action; and

*NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:*

1. In exchange for the promises made by or on behalf of Defendant in Paragraph "2" below and in the other provisions of this Agreement:

    (a) Plaintiff will sign this Agreement, and he authorizes his attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A**;

    (b) Plaintiff shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings he has instituted against Defendant and any Releasee (as defined below), including but not limited to Plaintiff's claims in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 1:17-cv-04878 (RWS) (hereinafter "the Lawsuit"). Plaintiff authorizes his counsel to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A**. Plaintiff affirms that he has not instituted any complaint, suit, action, charge, or other legal proceeding against Defendant or any Releasee identified in this Agreement that currently is pending other than the Lawsuit. If for any reason any other complaint, suit, action, charge, claim, or other legal proceeding Plaintiff has instituted against Defendant or any Releasee (as defined below) is not wholly and finally dismissed with prejudice, Plaintiff shall not, to the extent permitted by law, voluntarily testify, provide documents, or otherwise participate, or permit others to participate on his behalf, in any such litigation, investigation, or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom;

    (c) Plaintiff affirms that he has not filed or caused to be filed, and he is not presently a party to, any claim against Defendant or any of the Releasees other than the

2

Lawsuit. Additionally, Plaintiff is not presently aware of any grounds for claims against Defendant or Releasees other than those put forth by Plaintiff in the Complaint he filed in the Lawsuit and otherwise described below. Accordingly, and in exchange for the additional consideration to Plaintiff as set forth herein and in sub-Paragraph 2(a)(ii) below, Plaintiff also provides in this Agreement a general release of all claims;

(d) Except as may be prohibited by law, Plaintiff shall not institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, or other legal action or proceeding against Defendant or any of its parent corporations, subsidiaries, divisions, affiliates and insurers, and the current and former employees, officers, directors, trustees, administrators, executors, agents, legal representatives, employee benefit plans, fiduciaries, shareholders, predecessors, successors and assigns of each, both individually and in their official capacities (collectively referred to herein as "Releasees"), based upon any conduct occurring up to and including the date Plaintiff executes this Agreement, whether an individual action or a class action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes or guidelines. After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendant and Releasees of and from any and all claims of any kind (including claims under the Fair Labor Standards Act), known or unknown, that he has or may have based upon any conduct occurring up to and including the date Plaintiff executes this Agreement;

(e) Plaintiff shall not voluntarily assist any individual in commencing or prosecuting any action or proceeding against any Releasee, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, or arbitration proceeding, or administrative complaint or charge, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, trial, pretrial preparation, pre-litigation fact gathering, and bars Plaintiff from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person who wishes to make or who is making any claim against any Releasee, except in an investigation or proceeding conducted by the EEOC, any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise prohibited by law. If Plaintiff is served with a subpoena, court order, or other legal process requiring Plaintiff to engage in some activity inconsistent with this provision, he will notify

3

Defendant's legal counsel, Jonathan M. Kozak, Esq., Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, New York, 10601, Facsimile 914-946-1216. Such notice shall be provided by Plaintiff in writing to Defendant's counsel within three (3) business days, so that Defendant's counsel and/or the Releasees may take any action they deem appropriate regarding the subpoena or court order;

(f) Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "2" below) is in full satisfaction, and in excess, of any and all obligations Defendant or Releasees may have with respect to Plaintiff's claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Settlement Agreement. Plaintiff further affirms that: (1) he has no known workplace injuries or occupational diseases, (2) he has not alleged retaliation for reporting any allegations of corporate fraud against Defendant, any of Defendant's officers or any other Releasee, and (3) he has not alleged that any of Defendant's decisions regarding his pay and benefits during his employment through the date of his separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law;

(g) Plaintiff acknowledges that as of January 28, 2017 he is no longer an employee of Defendant and Plaintiff agrees that the employment relationship has been permanently and irrevocably severed, that he will not apply or re-apply for employment in the future with Defendant or with any parent, subsidiary or affiliated entity of Defendant. Defendant (or any such related entity) shall have no obligation, contractual or otherwise, to hire, rehire or re-employ Plaintiff in the future.

(h) As a free and voluntary act, Plaintiff agrees that he will make no written or oral statements, including emails, blog entries, or posts on any social media outlet such as Facebook, MySpace, or related sites, or in any other format whatsoever, that directly or indirectly disparage Defendant regarding: (a) the circumstances of his employment and separation from employment with Defendant; (b) working conditions at Defendant; or (c) Defendant's employment and business practices; nor will Plaintiff make any written or oral

4

statement(s) that directly or indirectly disparage Defendant's owners, officers, managers, employees, and products and services. Any future employment inquiries can be directed to The Work Number, which will provide information regarding dates of employment, pay rates, and position held. The Work Number can be accessed currently at www.theworknumber.com or at 1-800-367-5690.

    2.  In exchange for the promises made by Plaintiff contained in Paragraph "1" above, and in the other provisions of this Agreement, Defendant agrees as follows:

    (a)  to provide to Plaintiff, through his counsel, the total settlement sum of Twelve Thousand Five Hundred Dollars and No Cents ($12,500.00) ("the Settlement Amount") in consideration for and in full satisfaction of all claims Plaintiff has or may have against Defendant or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. The Settlement Amount will be divided among Plaintiff and his counsel as follows:

    i.  One check payable to "Ricky Williams" in the amount of Three Thousand Nine Hundred Twenty-Nine Dollars and Seventeen Cents ($3,929.17), subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Plaintiff on an IRS Form W-2;

    ii.  One check payable to "Ricky Williams" in the amount of Three Thousand Nine Hundred Twenty-Nine Dollars and Seventeen Cents ($3,929.17), as payment for alleged liquidated and other nonwage damages, which shall be reportable to Plaintiff on an IRS Form 1099; and

    iii.  One check payable to "Levine & Blit, PLLC as counsel for Ricky Williams" in the amount of Four Thousand Six Hundred Forty-One Dollars and Sixty-Six Cents ($4,641.66), as payment for Plaintiff's alleged attorneys' fees and costs, which shall be reportable to Plaintiff and his attorneys on an IRS Form 1099. Levine & Blit, PLLC will provide its Tax ID number to Defendant's counsel to facilitate this payment.

    (b)  The checks provided by sub-Paragraphs 2(b)(i)-(iii) will be provided to Plaintiff's counsel within Twenty (20) days after Defendant's counsel has received

from Plaintiff's counsel this Agreement properly executed by Plaintiff, and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A** executed by Plaintiff's counsel, provided that the Court has "So Ordered" the Parties' Stipulation And Order Of Dismissal With Prejudice.

(c) Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, whether known and/or unknown, it has or may have against Plaintiff as of the date of execution of this Agreement.

(d) Regardless of any tax withholding or other deductions by Defendant from the Settlement Amount, Plaintiff must ensure that his respective shares of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiff of his respective share of said taxes, any interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold harmless, indemnify and defend Defendant.

3. Plaintiff understands and agrees that Defendant has asserted defenses to the claims alleged in the Lawsuit. Plaintiff hereby agrees and acknowledges that this Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained herein shall constitute or be treated as an admission of any liability or wrongdoing by Defendant. Plaintiff further understands and agrees that he would not be entitled to receive the monies specified in Paragraph "2" above, except for his execution of this Agreement, his authorization to have his attorneys execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A**, and his fulfillment of all the promises contained herein and in the General Release.

4. The Lawsuit shall be dismissed against Defendant, in its entirety and with prejudice to Plaintiff, upon the Parties' counsels' execution of the Stipulation And Order Of Dismissal With Prejudice and the Court having "So Ordered" the same. Upon receipt of this executed Agreement and the Stipulation And Order Of Dismissal With Prejudice in the form attached hereto as **Exhibit A**, Defendant's counsel shall sign the Stipulation And Order Of Dismissal With Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement.

5. Except as provided herein, the Parties shall bear their own attorneys' fees, costs and disbursements and there shall be no application to any Court by any Party or by any attorney representing any Party for attorneys' fees, costs and/or disbursements.

6. This Agreement shall be governed and conformed in accordance with the laws of the State of New York, without regard to the State's conflict of laws provisions or any federal common law conflict of laws principles. The Parties expressly consent that any action or proceeding relating to the enforcement of this Agreement will only be brought in a court located in the State of New York, and that any such action or proceeding will be heard without a jury or an advisory jury. The Parties expressly waive their right to bring any such action or proceeding in any other jurisdiction, or to have any such action or proceeding heard before a jury or an advisory jury. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. This Agreement may not be modified, altered or changed, except upon express written consent of all parties.

8. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between Plaintiff and Defendant. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

9. Each of the Parties has participated in negotiating and drafting this Agreement and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A** after consulting with legal counsel. Accordingly, no Party shall maintain that the language of this Agreement or the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A** should be construed in any way by reason of the other Party's putative role as the drafter of any of these documents. For example, no ambiguity in any of these documents,

if any, shall be construed against any Party based upon any claim that any Party drafted the ambiguous language.

10. This Agreement may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy, facsimile or pdf copy of a party's signature on this Agreement shall be deemed an original and shall be accepted in any action against that party to enforce this Agreement.

**PLAINTIF HEREBY CONFIRMS THAT HE HAS BEEN AFFORDED A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO PLAINTIFF, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "2" ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, VOLUNTARILY ENTERS INTO THIS AGREEMENT.**

IN WITNESS WHEREOF, the undersigned Parties hereto knowingly and voluntarily executed this Agreement as of the dates set forth below:

_4/9/18_
Date

PLAINTIFF:
_[signature]_
Ricky Williams

_____
Date

DEFENDANT:

By: _____
Giovanni Yruela
Associate General Counsel

if any, shall be construed against any Party based upon any claim that any Party drafted the ambiguous language.

10. This Agreement may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy, facsimile or pdf copy of a party's signature on this Agreement shall be deemed an original and shall be accepted in any action against that party to enforce this Agreement.

**PLAINTIF HEREBY CONFIRMS THAT HE HAS BEEN AFFORDED A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO PLAINTIFF, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "2" ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, VOLUNTARILY ENTERS INTO THIS AGREEMENT.**

**IN WITNESS WHEREOF,** the undersigned Parties hereto knowingly and voluntarily executed this Agreement as of the dates set forth below:

*PLAINTIFF:*

_____   _____
Date                          Ricky Williams

                              *DEFENDANT:*

4/11/18                       By: _____
_____        Giovanni Yruela
Date                               Associate General Counsel

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICKY WILLIAMS, on behalf of himself
and all others similarly situated,

                            Plaintiff,

      -against-

PLANET HOLLYWOOD (BROADWAY)              Civ. No.: 1:17-cv-04878 (RWS)
LLC d/b/a BUCA DI BEPPO,

                            Defendant.
------------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

       IT IS HEREBY STIPULATED AND AGREED, by and between by and between Plaintiff Ricky Williams (herein "Plaintiff"), and Defendant Planet Hollywood (Broadway) LLC d/b/a Buca di Beppo (herein "Defendant"), through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendant in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent and agree to dismiss the instant action with prejudice to Plaintiff. No attorneys' fees or costs will be awarded to any party by the Court, except as provided in the Parties' Negotiated Settlement Agreement. The terms of the Parties' Negotiated Settlement Agreement have been presented for review and approval by the Court.

ATTORNEYS FOR PLAINTIFF:

Dated: 4/13, 2018        By: _____
                                        Justin S. Clark
                                        Levine & Blit, PLLC
                                        350 Fifth Avenue, Suite 3601
                                        New York, NY 10118
                                        Tele. (212) 967-3000

ATTORNEYS FOR DEFENDANT

Dated: 4/13, 2018          By: _____
                               Jonathan M. Kozak
                               Jackson Lewis P.C.
                               44 South Broadway, 14th Floor
                               White Plains, New York 10601
                               Tele. (914) 872-8060

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2018

_____
Honorable Robert W. Sweet
United States District Judge

2